1  MICHAEL C. MILLS, ESQ.
   Nevada Bar No. 003534
2  BAUMAN LOEWE WITT & MAXWELL
   3650 N. Rancho Dr., Ste. 114
3  Las Vegas, NV  89130
   Phone: 702-240-6060
4  Fax: 702-240-4267
   Email: mmills@blwmlawfirm.com
5
   Attorneys for Plaintiffs
6

7                  **UNITED STATES DISTRICT COURT**

8                       **DISTRICT OF NEVADA**

9

| | |
|---|---|
| ACUITY A MUTUAL INSURANCE COMPANY, a Mutual Insurance Company, | CASE NO: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| vs. | |
| NAB LLC, dba NAB NAIL SALON, dba NAB NAIL BAR, a Nevada Limited Liability Company, ASIA TRINH, an individual, NICOLE BROWN, an individual, DOE INDIVIDUALS I through X inclusive and ROE BUSINESS ENTITIES I through X inclusive, | |
| Defendants. | |

19         COMES NOW Plaintiff Acuity, A Mutual Insurance Company, (hereinafter

20  "Acuity"), by and through its counsel of record, Michael C. Mills, Esq. of the law firm of

21  Bauman Loewe Witt & Maxwell, and files the following Complaint for Declaratory Relief

22  against Defendants NAB, LLC, a Nevada Limited Liability Company, Asia Trinh, an

23  individual and Denise Brown, an individual as well as DOE individuals and ROE

24  business entities.

25                            **PARTIES**

26         1.    Plaintiff Acuity is a mutual insurance company which is organized under the

27  laws of the State of Wisconsin and is authorized to operate in the State of Nevada.

28

4107762v1

2.    Defendant NAB, LLC is a Limited Liability Company, authorized to operate in the State of Nevada.

3.    Asia Trinh is the manager of NAB, LLC and a Nevada Resident.

4.    Nicole Brown is a member of NAB LLC and a Nevada Resident.

5.    Defendants Doe Individuals I through X and Roe Business Entities I through X are unknown at this time, and may be individuals, partnerships or corporations.

**JURISDICTION AND VENUE**

6.    This declaratory judgment action is brought under United States Code, Title 28, Section 2201, the Federal Declaratory Judgments Act and the Federal Rules of Civil Procedure 57, Declaratory Judgments.

7.    Jurisdiction in this matter is based on diversity of citizenship, 28 U.S.C. §1332, in that there is complete diversity of citizenship and that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

8.    All the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, State of Nevada.

**GENERAL ALLEGATIONS**

9.    On September 18, 2019, Defendants signed a retainer agreement with Dobberstein Law Group (DLG) to represent NAB LLC for Federal Labor Law Violations involving the operation of NAB LLC.  By November 19, 2019, DLG had withdrawn as counsel because of disputes between the parties related to fees.  Exhibit **A**.

10.    On May 21, 2021, the Secretary of Labor of the United States Department of Labor (The Secretary) filed suit in the United States District Court for the District of Nevada a Complaint for Injunctive Relief to Recover Amounts Due under the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq) Case No. 2:21-cv-984 JAD VCF.  (The Complaint).  In The Complaint, The Secretary named as Defendants NAB LLC d/b/a/ NAB Nail Salon, d/b/a/ NAB Nail Bar, a Nevada limited liability corporation, Asia Trinh, an individual and managing agent of the Corporate Defendant and Nicole Brown, an individual and managing agent of the Corporate Defendant.  Exhibit **B**.

11.  The Secretary's Complaint includes four causes of action:

FIRST:      Failure to Pay Minimum Wages in Violation of FLSA. The allegation is that the Defendants "repeatedly and willfully" violated the provisions of the FLSA since at least January 2018.

SECOND:   Failure to Pay Overtime Premiums in Violation of FLSA. The allegation is that the Defendants "repeatedly and willfully" violated the provisions of the FLSA since at least January 2018

THIRD:      Violation of Recordkeeping Provisions of FLSA. The allegation is that the Defendants "repeatedly and willfully" violated the provisions of the FLSA since at least January 2018.

FOURTH:   Violation of the FLSA's Anti-retaliation Provisions. The allegation is that the Defendants "willfully and repeatedly" violated the provisions of the FLSA particularly in August and September 2019.

12.  The Secretary's Complaint alleges that all these failures and violations commenced beginning January, 2018 which date corresponds with the date that Clark County issued NAB its business license.

13.  The Secretary's Complaint includes a Prayer for Relief seeking  six remedies:

(a)  An Order permanently enjoining future violations

(b)  An Order finding Defendants liable for unpaid wages and overtime

(c)  An Order enjoining the Defendants from withholding payments

(d)  An Order providing further appropriate legal and equitable relief

(e)  An Order requiring the Defendants to issue a curative notice to employees

(f)  An Order awarding the Secretary of Labor its costs of action.

14.  The matter was litigated before Judge Jennifer Dorsey and Magistrate Judge Cam Ferenbach.

15.  Defendants NAB LLC, Trinh and Brown have defended the subject matter through a series of private counsel including Eric Dobberstein, Esq., Katryna Lyn Spearman, Esq., and Anthony L. Martin, Esq. [ECF 44-1 p. 2 of 2].

4107762v1

16.   On November 18, 2021, the parties entered into and the Court approved a Joint Discovery Plan & Scheduling Order.  [ECF 12].

17.   On November 29, 2021, the Court approved the Verified Petition of Pro Hac Vice counsel Katryna Spearman.  [ECF 15].

18.   On July 8, 2022, the parties entered into and the Court approved a First Request to Extend Deadlines in the Discovery Plan and Scheduling Order.  [ECF 17].

19.   On September 2, 2022, The Secretary filed a Motion to Compel Documents Production and Responses to the Secretary's Interrogatories.  [ECF 18].

20.   The Defendants did not file a response to The Secretary's Motion to Compel.

21.   On September 20, 2022, the Court issued an Order compelling Defendants to respond to written discovery served by The Secretary.  [ECF 19].

22.   On October 19, 2022, the parties entered into and the Court approved a Second Request to Extend Deadlines in the Discovery Plan and Scheduling Order [ECF 22].  Discovery was ordered closed on December 18, 2022.

23.   On January 4, 2023, Pro Hac Vice Counsel Spearman and Designated Resident Nevada Counsel Paul Padda filed a Motion to Withdraw as Counsel of Record for Defendants.  [ECF 23]

24.   On January 18, 2023, The Secretary filed a Response to the Motion of Counsel to Withdraw.  [ECF 24].  In its Response The Secretary outlined the failures in the discovery process by the Defendants including failures to produce documents and answer interrogatories, failures to obey orders and obstreperous conduct during depositions.  The Secretary asked that the court should set a deadline regarding appointment of new counsel so as to not impact further proceedings.

25.   On February 9, 2023, the Court granted counsel Spearman and Padda's Motion to Withdraw [ECF 30] and counsel Anthony Martin appeared for Defendants. [ECF 31].

4107762v1

26.    On March 6, 2023, the Court Granted the Parties' Stipulation to Extend Discovery Deadlines (Third Request).  [ECF 34].  The Order did not Reopen Discovery. Instead it extended the Dispositive Motion Deadline from March 15, 2023 to June 13, 2023 and the Pre-Trial Order Deadline from April 15, 2023 to July 14, 2023.  It ordered the parties to mediation.

27.    On May 3, 2023, Acuity received its first notice of claim from Asia Brown (Trinh) asking for assistance from Acuity to file a malpractice lawsuit against prior counsel.  Exhibit **C**.

28.    On June 9, 2023, the parties met in a settlement conference and entered into settlement terms.  [ECF 41].

29.    On June 21, 2023, Defendants informed The Secretary that they no longer wanted to proceed with the settlement according to the terms entered into in the settlement conference.  [ECF 42].

30.    On June 23, 2023, Counsel for NAB LLC filed a Motion to Withdraw as Defendants' attorney of record.  [ECF 43].

31.    On June 28, 2023, The Secretary filed her Response to the Motion to Withdraw.  [ECF 44].  In that Response the Secretary recited to the court the history of the case, the discovery The Secretary requested of the Defendants, the lack of response from the Defendants, the Defendants obstreperous conduct during depositions and the failure to comply with other discovery all conducted in 2022 prior to the first notice of loss to the insurance company.

32.    On July 13, 2023, The Secretary filed a Motion for Sanctions against the Defendants.  [ECF 45].  The Secretary again argued that the Defendants had egregiously violated the Court's Order of September 2022, that only a small fraction of the discovery had been provided.  Furthermore the Defendants had spoliated key evidence including time and hour records, communications with employees and video surveillance.

4107762v1

33. On August 21, 2023, the Court granted Counsel for Defendant's Motion to Withdraw. [ECF 58]. As part of that Order, the Court directed Defendants to retain counsel to defend them on or before September 11, 2023 The Court said that if the attorneys do not have representation by that date, a default will be taken against them.

34. On August 21, 2023, Acuity received an email from Asia Brown (Trinh) stating that the insured was no longer represented by private counsel, that the Secretary had filed a Motion for Sanctions against NAB LLC, that she had drafted a response to the Secretary's Motion, that the Court would not allow her to file the response that she had drafted and asking Acuity to assign counsel to facilitate the filing of the Response document that she had prepared. Exhibit **D**

35. On August 31, 2023, Acuity caused to have delivered a reservation of rights letter to the Defendants stating that Acuity intended to assign counsel, that it was reserving its rights as to coverage and placed the insureds on notice of its intent to seek reimbursement of the costs of defense incurred. Exhibit **E**.

36. During the time period cited in The Complaint, Acuity insurance has provided coverage to the Defendants for Commercial General Liability, Employee Benefits Liability Coverage and Excess Coverage with an Exclusion for Employment Related Practices.

| Year | CGL Form | ERPE Form | EBL Coverage | Excess Form |
|------|----------|-----------|--------------|-------------|
| 2018 | CG-0001R (12-11) | CG-2147F (12-07) | No EBL | No Excess |
| 2019 | CG-0001R (12-11) | CG-2147F (12-07) | CG-7301 (11-14) | CU-7037 (5-05) |
| 2020 | CG-0001R (12-11) | CG-2147F (12-07) | CG-7301 (11-14) | CU-7037 (5-05) |
| 2021 | CG-0001R (12-11) | CG-2147F (12-07) | CG-7301 (12-19) | CU-7037 (5-05) |
| 2022 | CG-0001R (12-11) | CG-2147F (12-07) | CG-7301 (12-19) | CU-7037 (5-05) |

A copy of the Insurance Policies are attached as Exhibit **F**, **G**, **H**, **I** and **J**.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief)**

37. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 36 of this Complaint.

4107762v1

38.   Pursuant to United States Code, Title 28, Section 2201, the Federal Declaratory Judgments Act and Rule 57 of the Federal Rules of Civil Procedure, Declaratory Judgments, Plaintiff Acuity seeks a declaration of the duties, rights and interests of the parties as related to the tender of defense and the duty to indemnify.

39.   Plaintiff has been obligated to retain counsel to represent it to prosecute this matter.

40.   Plaintiff has incurred attorney's fees and costs in prosecution of this action.

WHEREFORE, Plaintiff Acuity A Mutual Insurance Company expressly reserves the right to amend this Complaint for Declaratory Judgment during discovery and at the time of the trial of the action herein to include all damages not yet ascertained, and prays for declaratory judgment against the Defendants, and each of them, as follows:

1.    A declaration that since at least January 2018, Acuity provided insurance company to Defendant NAB LLC;

2.    That Defendants delayed notice of the suit brought against them resulting in prejudice to Acuity;

3.    That the policies provide no duty to indemnify Defendants for damages arising from their failure to pay minimum wage and overtime wages;

4.    That the policies provide no duty to indemnify Defendants for Sanctions brought against them by The Secretary;

5.    That there is and there has never been a duty to defend the Defendants in the action brought against them by The Secretary;

6.    That there is no duty to defend the Defendants against sanctions awarded against them by the Secretary;

7.    That Plaintiff is entitled to recover the costs it has incurred in defending the Defendants in the subject action, in an amount to be proved at trial;

8.    A declaration of the court of the rights, duties and responsibilities of the parties in relation to Acuity's policies of insurance;

4107762v1

9.  An award of attorney's fees incurred by Acuity in prosecuting the subject action;

10. Costs of this action; and,

11. For such other and further relief as the Court deems just and proper in these premises.

DATED this 31st day of August, 2023.

BAUMAN LOEWE WITT & MAXWELL

MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
3650 N. Rancho Dr., Ste. 114
Las Vegas, Nevada  89130
Attorneys for Plaintiff Acuity A Mutual
Insurance Company

## INDEX OF EXHIBITS

**A** Complaint Dobberstein v. NAB, Trinh and Brown.
**B** The Secretary's Complaint for Injunctive Relief.
**C** Email from Defendant asking for Assistance to File Malpractice Suit.
**D** Email from Defendant asking for retention of counsel to file Response to Motion for Sanctions.
**E** Reservation of Rights Letter dated August 31, 2023.
**F** Certified Copy of NAB LLC's Relevant 2018 Policy Forms
**G** Certified Copy of NAB LLC's Relevant 2019 Policy Forms
**H** Certified Copy of NAB LLC's Relevant 2020 Policy Forms
**I** Certified Copy of NAB LLC's Relevant 2021 Policy Forms
**J** Certified Copy of NAB LLC's Relevant 2022 Policy Forms

4107762v1