# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Acuity A Mutual Insurance Company, | Case No. 2:23-cv-01366-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| | **and** |
| NAB LLC dba NAB Nail Salon dba NAB Nail Bar, a Nevada limited liability company; Asia Trinh, an individual; and Nicole Brown, an individual; et al., | **Report and Recommendation** |
| Defendants. | |

Before the Court are the following motions:

- Plaintiff's motion to strike NAB, LLC's answer and affirmative defenses (ECF No. 12);

- Plaintiff's motion for entry of clerk's default against NAB, LLC (ECF No. 13);

- Plaintiff's motion to seal (ECF No. 14);

- Plaintiff's motion for sanctions (ECF No. 28);

- Plaintiff's motion for a scheduling conference (ECF No. 29); and

- Defendants' motion for an extension of time (ECF No. 34).

I.    **Discussion.**

    *A.    Plaintiff's motions to strike and for entry of clerk's default and Defendants'
          motion to extend time.*

Plaintiff moves to strike NAB, LLC's answer and affirmative defenses filed at ECF No. 11 because NAB, LLC was not represented by counsel when it made that filing. (ECF No. 12). Instead, Defendants Asia Trinh and Nicole Brown appear to have filed it on NAB, LLC's behalf. (ECF No. 11). Plaintiff also moves for entry of clerk's default against NAB, LLC for that reason. (ECF No. 13). No party has responded to either motion.

1    The Court ordered NAB, LLC to retain counsel on December 12, 2023, giving it until

2    January 11, 2024.  (ECF No. 17).  The Court then extended that timeframe to February 22, 2024.

3    (ECF No. 27).  On February 21, 2024, Defendants filed a motion to extend time, asking the Court

4    to extend the February 22, 2024 deadline.[1] (ECF No. 34).

5    While Defendants assert in that motion that they have experienced "medical

6    complications" and "occupational disease," they provide no update on what efforts they have

7    made to find counsel for NAB, LLC.  They also do not explain why they could not have complied

8    with the Court's order requiring that if NAB, LLC had not yet found counsel by February 22,

9    2024, to file a "status report regarding its retention of counsel."  (ECF No. 27 at 2).  The Court

10   does not find that Defendants have demonstrated good cause justifying extending the deadline for

11   NAB, LLC to find counsel.  *See* Fed. R. Civ. P. 6(b)(1)(A) (explaining that the Court may grant a

12   motion to extend time for good cause).  And because a corporation must appear in Court through

13   counsel, the Court recommends granting Plaintiff's motion to strike NAB, LLC's answer (ECF

14   No. 12) and granting Plaintiff's motion for entry of clerk's default (ECF No. 12).  *See Reading*

15   *Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) (explaining that

16   corporations must be represented by counsel); *see Ramsey v. Hawaii*, No. 20-00215-JMS-KJM,

17   2020 WL 5754010, at *1 (D. Haw. Sept. 2, 2020) (explaining Federal Rule of Civil Procedure

18   55's two-step process for default consisting of: (1) seeking the clerk's entry of default; and

19   (2) filing a motion for entry of default judgment); *see Dr. JKL Ltd. v. HPC IT Education Center*,

20   749 F.Supp.2d 1038, 1048 (N.D. Cal. Oct. 28, 2010) (granting a motion to strike an answer

21   because a pro se litigant attempted to file it on behalf of a corporate defendant).  The Court denies

22   Defendants' motion for extension of time (ECF No. 34).

23

24

25

26   _____

27   [1] Defendants also request to "put the case on hold" for six months.  (ECF No. 34 at 4).  But,
     because the parties have not yet entered a discovery plan and scheduling order, there are no other
     deadlines to extend.  And Defendants have not moved to stay the case, but for an extension.  (*Id.*

28   at 2).

1       **B.      *Plaintiff's motion to seal.***

2           Plaintiff moves to seal an unredacted version of its exhibit D to its motions to strike and

3   for default.  (ECF No. 14).  Plaintiff explains that it has redacted the premium amounts from its

4   insurance agreement with Defendants.  (*Id.* at 4).  Plaintiff asserts that these amounts constitute

5   proprietary business information which is commercially sensitive.  (*Id.*).  Although Plaintiff's

6   motions to strike and for default are not directly related to the merits—they are based more on

7   procedure—the Court nonetheless finds that Plaintiff has demonstrated compelling reasons to seal

8   the unredacted version of this document.  Specifically, because releasing Plaintiff's premium

9   amounts would result in a competitive disadvantage and because Plaintiff has only redacted the

10  portions of the document reflecting those amounts, having otherwise left the document viewable

11  by the public.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *see*

12  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016).  The Court thus

13  grants Plaintiff's motion to seal.

14      **C.      *Plaintiff's motions for sanctions and for a scheduling conference.***

15          Plaintiff moves the Court to sanction Defendants for not agreeing to a discovery plan and

16  scheduling order (ECF No. 28) and moves for the Court to hold a scheduling conference (ECF

17  No. 29).  No party responded to either motion.  Plaintiff explains that after the parties engaged in

18  the Federal Rule of Civil Procedure 26(f) conference, Plaintiff's counsel presented a proposed

19  discovery plan and scheduling order to Defendant Brown, but she refused to sign it.  (ECF No. 28

20  at 3-4).

21          Although Federal Rule of Civil Procedure 37(f) empowers the Court to order monetary

22  sanctions for a party's failure to participate in good faith in developing and submitting a proposed

23  discovery plan, the Court does not find sanctions appropriate here.  Plaintiff's counsel explained

24  that one of the reasons Defendant Brown refused to sign the discovery plan was because she felt

25  uncomfortable doing so without an attorney.  The Court finds it appropriate to require the parties

26  to meet and confer and attempt once more to agree to a discovery plan.

27          The parties will have thirty days to file a stipulated discovery plan.  The Court informs

28  Defendants Brown and Trinh that even though they are unrepresented, they are responsible for

attempting in good faith to agree on the proposed discovery plan under Federal Rule of Civil Procedure 26(f)(2) and must submit an agreed upon schedule to the Court under Local Rule 26-1(a).  If Defendants continue to fail to participate in good faith in developing and submitting a proposed discovery plan, they may be subject to sanctions under Federal Rule of Civil Procedure 37(f).

## **ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 14) is **granted.**  The Clerk of Court is kindly directed to unseal ECF No. 14, ECF No. 14-1, and ECF No. 14-3 but to keep ECF No. 14-2 under seal.

**IT IS FURTHER ORDERED** that Defendants' motion to extend time (ECF No. 34) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (ECF No. 28) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for a scheduling conference (ECF No. 29) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Defendants Brown and Trinh must meet and confer with Plaintiff's counsel and agree to a discovery plan and scheduling order.  That discovery plan and scheduling order must be filed on or before **March 28, 2024.**

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's motion to strike NAB, LLC's answer and affirmative defenses (ECF No. 12) be **granted.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for entry of clerk's default against NAB, LLC (ECF No. 13) be **granted.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>NOTICE</u>**

        Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

        DATED: February 27, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE