# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Acuity A Mutual Insurance Company, | Case No. 2:23-cv-01366-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| NAB LLC dba NAB Nail Salon dba NAB Nail Bar, a Nevada limited liability company; Asia Trinh, an individual; and Nicole Brown, an individual; et al., | |
| Defendants. | |

Before the Court is Plaintiff Acuity A Mutual Insurance Company's motion for leave to amend its complaint. (ECF No. 42). After no party responded to the motion, the Court required that Acuity file a certificate of service showing that Acuity served the motion on Defendants, who are proceeding pro se. (ECF No. 44). The Court also ordered the parties to show cause why it should not recommend sanctions for their failure to file a stipulated discovery plan and scheduling order. (*Id.*).

Acuity demonstrated that it served its motion to amend on Defendants on April 18, 2024. (ECF No. 45). Acuity also explained that, although its counsel attempted multiple times to get Defendants to agree to a discovery plan and scheduling order, Defendants refused. (ECF No. 63). Defendants responded to the order to show cause, asserting without explanation that "[t]here is an unsettled matter in our case that requires resolution before we can effectively move forward with discovery planning." (ECF No. 65). Defendants add that they have mental, learning, and physical disabilities which prevent them from agreeing to a discovery plan, arguing that discovery

1  should be stayed until the conclusion of the underlying litigation.[1]  (*Id.*).  Defendants do not
2  explain why these disabilities prevent them from agreeing to a discovery plan.  Nor do they
3  address Acuity's motion to amend its complaint.

4       The Court grants Acuity's motion to amend.  Under Rule 15(a)(2) of the Federal Rules of
5  Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."  Fed.
6  R. Civ. P. 15(a)(2).  There is a strong public policy in favor of permitting amendment.  *Bowles v.*
7  *Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  The Ninth Circuit has made clear that courts should
8  apply Rule 15(a) with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d
9  1048, 1051 (9th Cir. 2003).  Additionally, under Local Rule 7-2(d), the failure of an opposing
10 party to file points and authorities in response to any motion constitutes a consent to the granting
11 of the motion.  LR 7-2(d).  Considering the strong public policy in favor of permitting
12 amendment, the Ninth Circuit's caution to apply Rule 15(a) with extreme liberality, and that no
13 party filed a response, granting leave to amend is appropriate here.

14      The Court declines to issue sanctions at this time regarding the discovery plan and
15 scheduling order.  The Court will, however, hold an in-person scheduling conference to set the
16 discovery plan and scheduling order.  That conference will take place on June 21, 2024 at 1:30
17 p.m. in Courtroom 3A at the Lloyd D. George Federal Courthouse.  The parties must familiarize
18 themselves with Local Rule 26-1 and Federal Rule of Civil Procedure 26(f) in preparation for the
19 hearing.

21      **IT IS THEREFORE ORDERED** that Acuity's motion to amend its complaint (ECF No.
22 42) is **granted.**  Acuity must file and serve its amended complaint as required by Local Rule 15-
23 1(b).

---

[1] Defendants refer to *Walsh v. NAB, LLC, et al.* in which the Secretary of Labor of the United States Department of Labor sued Defendants under the Fair Labor Standards Act for claims related to minimum wage, overtime, recordkeeping, and retaliation.  *See Walsh v. NAB, LLC, et al.*, No. 2:21-cv-00984-JAD-EJY, at ECF No. 1 (D. Nev. May 21, 2021).  That case is ongoing.  Acuity filed the instant action for the Court to determine whether Acuity is obligated to tender a defense for and/or indemnify Defendants—Acuity's insureds—in the underlying action.

**IT IS FURTHER ORDERED** that an in-person scheduling conference is set for **June 21, 2024 at 1:30 p.m. in Courtroom 3A.** The parties must report to Courtroom 3A at the Lloyd D. George Federal Courthouse, 333 S. Las Vegas Blvd., Las Vegas, NV 89101 **ten minutes** before the hearing starts.

DATED: May 28, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE