UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ACUITY A MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NAB, LLC, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-01366-RFB-DJA<br><br>**ORDER** |

Before the Court are Plaintiff's Motions for Entry of Clerk's Default of Defendants Asia Trinh and Nicole Brown (ECF Nos. 79, 80). The Clerk referred these motions to this Court, and the Court will treat them as Motions for Default Judgment. For the reasons discussed below, the Court denies both motions.

**I.  PROCEDURAL BACKGROUND**

On September 1, 2023, Plaintiff Acuity A Mutual Insurance Company ("Acuity") filed a claim for declaratory relief against Defendants NAB, LLC ("NAB"), Asia Trinh, and Nicole Brown. (ECF No. 1). Defendants Trinh and Brown*, pro se*, filed an Answer on December 14, 2023. (ECF No. 18). Trinh and Brown also answered *pro se* on behalf of NAB, however, a licensed attorney must represent a limited liability company. Defendants Trinh and Brown signed Certificates of Interested Parties on December 22, 2023 and January 5, 2024. (ECF Nos. 21, 23). Defendants were granted an extension of time to retain counsel for NAB on January 23, 2024. (ECF No. 27). On February 21, 2024, Defendant Brown filed a Motion to Dismiss with a Motion to Extend Time citing health issues. (ECF Nos. 33-34).

The Clerk entered default against NAB for not appearing in this action, due to lack of counsel, on March 15, 2024. (ECF No. 41). Acuity filed a First Amended Complaint on March 8, 2024. (ECF No. 39). Acuity filed a Second Amended Complaint on June 3, 2024. (ECF No. 71). Acuity filed two notices of Acuity's intent to take default against Defendants Trinh and Brown on July 9, 2024. (ECF Nos. 76, 77). Plaintiff filed two Motions for Entry of Clerk's Default of Trinh and Brown, respectively, on July 25, 2024. (ECF Nos. 79, 80). Responses were due August 8, 2024. Defendant Brown filed a response which requested dismissal of Acuity's claims against her on September 3, 2024. (ECF No. 83). Defendant Trinh filed a response, which requested dismissal of Acuity's claims against her, along with a separate Motion to Dismiss on September 6, 2024. (ECF Nos. 84, 85). Plaintiff replied in support of its Motions for Default Judgment. (ECF Nos. 86, 88). Plaintiff also opposed Defendants' Motions to Dismiss. (ECF Nos 87, 89).

The Court's Order on Plaintiff's Motions for Default Judgment follows.

## II.     LEGAL STANDARD

The granting of a default judgement is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

The second step is entry of a default judgment under Rule 55(b). The clerk can enter judgment only if the plaintiff's claim is for a certain sum, or where a sum can be made certain by computation. Fed. R. Civ. P. 55(b)(1). Otherwise, the plaintiff must apply to the Court for default judgment. Fed. R. Civ. P. 55(b)(2).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel v. McCool, 782 F. 2d 1470, 1471-72 (9th Cir. 1986).

A district court's decision to enter a default judgment is a discretionary one. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Generally, "judgment by default is a drastic step appropriate only in extreme circumstances." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

### III.   DISCUSSION

The Court now considers the motions against Defendants Trinh and Brown in turn.

### a.   Defendant Asia Trinh

Plaintiff Acuity argues that Defendant Trinh's failure to timely answer the Second Amended Complaint, along with a failure to request from the Court an extension of time, warrants entry of default judgment against her. In her response, Defendant Trinh does not address the motion for default substantively but instead submits arguments which amount to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

An appearance before the Court is an "overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987).

Defendant Trinh initially appeared in this case by filing an answer to the original complaint on December 14, 2023, along with Defendant Brown. She also signed a Certificate of Interested Parties on December 22, 2023 and January 5, 2024. Subsequently, for over eight months, Trinh did not file any document, sign any document, or otherwise indicate her intention to defend herself in this suit. Instead, Defendant Nicole Brown filed several documents with the Court purporting to represent Trinh in her submissions. Though a non-attorney may appear *pro se* on behalf of themselves, they have no authority to appear as an attorney for others. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); see also Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). However, despite Defendant Trinh's failure to appear in this case for a prolonged period, the Couurt finds that she has manifested her intent to defend the suit by filing a *pro se* motion to dismiss.

In its discretion, the Court finds that two of the Eitel factors weigh heavily against default

- 3 -

judgment against Trinh. First, the Court finds that Trinh's submission of a motion to dismiss as a response to the Second Amended Complaint gives Plaintiff Acuity recourse for recovery through the normal course of litigation, therefore mitigating prejudice to Plaintiff in the absence of default judgment. See PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (finding a plaintiff suffers prejudice if they are left without other recourse for recovery).

Second, in considering the strong policy favoring the resolution of cases on their merits. the Court finds a decision on the merits to be reasonably possible in this case, given Trinh's response to the Second Amended Complaint. See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985) (holding cases should be decided on the merits whenever reasonably possible).

The Court finds that these two factors weighing against default judgment outweigh the other Eitel considerations, such as the sufficiency of the complaint, the money at stake, or the presence of excusable neglect. In sum, the Court does not find here "extreme circumstances" that would warrant the "drastic" consequence of default judgment, especially given Trinh's *pro se* status. Falk, 739 F.2d at 463. In evaluating a *pro se* litigant's compliance with the technical rules of civil procedure, the Court treats the litigant "with great leniency." Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).

However, the Court reminds Defendant Trinh that a *pro se* litigant is nevertheless bound by the rules of procedure. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). The Court issues warning to Defendant Trinh that further failures to timely respond in this action may result in sanctions against her. See Fed. R. Civ. P. 11; Local Rule IA 11-8.

    **b. Defendant Nicole Brown**

Acuity argues that Defendant Brown, like Trinh, failed to timely respond to the Second Amended Complaint and therefore should default in this action. In her response, Defendant Brown similarly submitted arguments that amounted to a motion to dismiss, requesting *inter alia* "the dismissal of all claims asserted against her personally."

Defendant Brown initially appeared in this action by filing an answer to the complaint on December 14, 2023. On February 21, 2022, Brown filed a Motion to Dismiss with a Motion to

Extend Time. Brown did not respond to Plaintiff's First Amended Complaint filed on March 8, 2024. When Plaintiff filed the operative, Second Amended Complaint on June 3, 2024, Brown did not respond within the 21-day window as governed by Federal Rule of Civil Procedure 12(a). This led Plaintiff to file the instant motions after serving notice to Defendants of the intent to do so. As mentioned above, Defendant Brown filed a response, but fails to argue why the Court should not enter default judgment.

Although the Court finds from the record that Defendant Brown has repeatedly failed to timely file answers and properly file motions (*e.g.*, belatedly answering the operative complaint in a response to a motion for entry of default, rather than in a separate and timely motion to dismiss), she has also repeatedly manifested her intent to defend this suit. Defendant Brown has submitted various documents and motions since the beginning of the suit, even attempting to represent Defendant Trinh. The Court finds that the same Eitel factors which it found above weighed against default judgment as to Defendant Trinh, apply with even stronger force as to Defendant Brown. Most significantly, Brown's repeated appearances before the Court, despite delays, demonstrate that an entry of default judgment would be in contravention of the strong policy favoring a decision on the merits. See Eitel, 782 F.2d at 1472 ("Cases should be decided on the merits whenever reasonably possible.")

Moreover, the Court finds that Defendant Brown has not engaged in culpable conduct that would warrant the extreme remedy of default judgment. "A defendant's conduct is culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond. Simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable[.]" United States v. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010). There is no indication that Defendant Brown is deliberately delaying litigation, willfully failing to respond, or otherwise operating in bad faith. Rather, Brown has appeared before the Court and manifested her intention to defend the suit.

Therefore, the Court finds default judgment against Defendant Brown is not warranted. However, the Court issues the same warning to Defendant Brown that it issues to Trinh: further untimely responses or failures to respond in this action may result in sanctions against Brown. See

- 5 -

Fed. R. Civ. P. 11; see also Local Rule IA 11-8.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motions for Default Judgment as to Asia Trinh and Nicole Brown (ECF Nos. 79, 80) are **DENIED** without prejudice. Plaintiff may reraise this motion if either party subsequently fails to appear.

**The Court hereby warns Defendants Asia Trinh and Nicole Brown that any future failure to comply with the Federal Rules of Civil Procedure or the Local Rules could result in sanctions against them.** See Fed. R. Civ. P. 11 ("[A]fter notice. . . the court may impose an appropriate sanction on any attorney, law firm or party that violated the rule[.]"); Local Rule IA 11-8 (the Court may, after notice and an opportunity to be heard, impose sanctions for failure to comply with any order of the Court). In particular, both Defendants are admonished to closely follow the filing deadlines set by the Court.

The Court further suggests that Defendants Trinh and Brown review the District of Nevada website. It provides helpful links to resources on the "Self Help" page accessible at this web address: https://www.nvd.uscourts.gov/self-help.

**IT IS FURTHER ORDERED** that the parties shall submit a new proposed scheduling order to the Court by **April 18, 2025**.

**DATED:** March 25, 2025.

                                  **RICHARD F. BOULWARE, II**
                                  **UNITED STATES DISTRICT JUDGE**