**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ACUITY, A MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

NAB, LLC, *et al.*,

Defendants.

Case No. 2:23-cv-01366-RFB-DJA

**ORDER GRANTING PLAINTIFF ACUITY'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Acuity's Motion for Default Judgment against NAB, LLC d/b/a NAB NAIL SALON, d/b/a NAB NAIL BAR only (ECF No. 127). The Court held a hearing on this motion on April 9, 2026 (ECF No. 129). For the reasons discussed below, the Court grants Plaintiff's motion.

## I. PROCEDURAL BACKGROUND

On September 1, 2023, Plaintiff Acuity, A Mutual Insurance Company ("Acuity") filed a claim for declaratory relief against Defendants NAB, LLC ("NAB"), Asia Trinh, and Nicole Brown. See ECF No. 1.

Defendants Trinh and Brown*, pro se*, filed an Answer on December 14, 2023. (ECF No. 18). Trinh and Brown also answered *pro se* on behalf of NAB. However, a licensed attorney must represent a limited liability company. Defendants Trinh and Brown signed Certificates of Interested Parties on December 22, 2023, and January 5, 2024. See ECF Nos. 21, 23). Defendants were granted an extension of time to retain counsel for NAB on January 23, 2024. See ECF No. 27). The Clerk of the Court entered default against NAB for not appearing in this action, due to lack of counsel, on March 15, 2024. See ECF No. 41).

Acuity filed a First Amended Complaint on March 8, 2024 (ECF No. 39), and a Second Amended Complaint on June 3, 2024 (ECF No. 71). Specifically, Acuity sought a declaration relating to its "duties, rights and interests . . . as related to the tender of defense and the duty to indemnify" the defendants in an enforcement action brought by the Secretary of the Department of Labor under the Fair Labor Standards Act (the "FLSA action"). ECF No. 71. On July 25, 2024, Acuity filed two Motions for Entry of Clerk's Default of Trinh and Brown, respectively, on July 25, 2024. See ECF Nos. 79, 80. Defendants Brown and Trinh filed responses, along with separate motions to dismiss. See ECF Nos. 83–85, 95, 101). After full briefing and a hearing on September 8, 2025, the Court granted both Defendant Brown's and Defendant Trinh's Motions to Dismiss with prejudice and ordered Plaintiff to file a Motion for Default Judgment against defendant NAB, LLC. See ECF No. 126). On September 29, 2025, Plaintiff filed the Motion for Default Judgment before the Court.

The Court's Order on Plaintiff's Motion for Default Judgment follows.

## II. LEGAL STANDARD

The granting of a default judgement is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. The first step is an entry of default by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

The second step is entry of a default judgment under Rule 55(b). The clerk can enter judgment only if the plaintiff's claim is for a certain sum, or where a sum can be made certain by computation. Fed. R. Civ. P. 55(b)(1). Otherwise, the plaintiff must apply to the Court for default judgment. Fed. R. Civ. P. 55(b)(2).

A district court's decision to enter a default judgment is a discretionary one. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default

was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel v. McCool, 782 F. 2d 1470, 1471–72 (9th Cir. 1986).

If an entry of default is made, the defaulting party is deemed to have admitted all well-pleaded factual allegations contained in the complaint as true. DirectTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007) (citations omitted). However, the opposing party must still prove all damages sought in the complaint. See O'Brien v. United States, No. 2:07-CV-00986-GMN, 2010 WL 3636171, at *2 (D. Nev. Sept. 9, 2010).

## III. DISCUSSION

Plaintiff Acuity argues that Defendant NAB's failure to answer the Second Amended Complaint and Motion for Default Judgment warrants entry of default judgment.

The Court finds that each of the Eitel factors weigh heavily in favor of default judgment against Defendant NAB.

First, Plaintiff has demonstrated prejudice: Acuity has been harmed by expending resources to litigate the instant matter as well as the underlying FLSA action, and, due to NAB's failure to appear, cannot obtain recourse through the ordinary course of litigation. See BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp., 723 F. Supp. 3d 973, 982 (D. Nev. 2024).

Second, Plaintiff has provided sufficient evidence to support its allegation that it has incurred costs of $19,800. See Great W. Cas. Co. v. JAA Truck, LLC, No. 2:24-CV-01483-RFB-MDC, 2025 WL 2772179 at *3 (D. Nev. Sept. 26, 2025); O'Brien, 2010 WL 3636171, at *2.

The third and fourth factors also weigh in favor of Plaintiff. Because NAB has not appeared, the Court is unable to consider the merits of its claims, nor the possibility of any dispute of material fact. Additionally, Defendant NAB has been on notice of Plaintiff's intent to enter default judgment since March 15, 2024, see ECF No. 41, and its failure to appear can be deemed intentional, not a result of excusable neglect. See Great W. Cas. Co., 2025 WL 2772179 at *3.

The seventh factor weighs against entry of default judgment, but because Defendant NAB has failed to appear in this case, a resolution on the merits is impracticable. See id. As such, the Court finds that default judgment is justified in this case.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Default Judgment as to Defendant NAB (ECF No. 127) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Acuity is entitled to recover the attorney's fees and costs incurred in the defense of NAB in the action brought against them by the Secretary of the Department of Labor in the amount of $19,288.00.

**DATED:** September 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**